**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**ROBERT L. INGE,**

                    **Plaintiff,**

          -against-

**STATE OF NEW YORK, et al.,**

                    **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**14-CV-4009 (WFK) (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Robert Inge ("plaintiff"), proceeding *pro se*, sues the City of New York (the "City") and the State of New York (the "State"), pursuant to 42 U.S.C. § 1983. Plaintiff, a former inmate who was in custody from around November 2006 until January 2011, complains that he was incarcerated for two years beyond his court-imposed sentence of one-and-one-half to three years in connection with two criminal convictions.

      The City and State have separately moved to dismiss plaintiff's claims. Both defendants argue, among other things, that plaintiff's claims are time-barred. See [State's] Memorandum of Law in Support of Its Motion to Dismiss The Complaint ("State Mem."), Electronic Case Filing Docket Entry ("DE") #20 at 5-6; Memorandum of Law In Support of City Defendant's Motion to Dismiss ("City Mem."), DE #27 at 5-6. In addition, the State contends that plaintiff's claims against the State are barred by the Eleventh Amendment, see State Mem. at 4-5, and the City argues that the complaint fails to state a claim under the Eighth Amendment or for municipal liability, see City Mem. at 6-8.

      In a proceeding held on May 1, 2015, this Court provided plaintiff with additional

copies of defendants' motion papers[1] and set a new briefing schedule, pursuant to which plaintiff's papers opposing the two motions were to be served by May 29, 2015, and defendants' replies were due by June 12, 2015. See Minute Entry (May 1, 2015), DE #21. In lieu of serving papers opposing the motions to dismiss, plaintiff moved to amend his complaint to set forth facts regarding his "mental incapacitation," in connection with his bid for equitable tolling of the statute of limitations. See Motion to Amend (docketed May 27, 2015) (the "Motion to Amend"), DE #22. Plaintiff's "cross-motion" details the facts that he seeks to add to his complaint, but does not address defendants' other legal arguments. See id.

The City opposes plaintiff's Motion to Amend on the ground that such an amendment would be futile; more specifically, noting that plaintiff has not addressed the City's remaining arguments in connection with its motion to dismiss, the City reiterates that the complaint, even if amended to include plaintiff's newly asserted facts, would nevertheless fail to state a claim against the City. See Response in Opposition to Motion to Amend, DE #23. The State opposes the Motion to Amend on similar grounds, arguing that the proposed amendment would be futile because plaintiff's claim against the State is barred by the Eleventh Amendment. See Memorandum in Opposition to Motion to Amend, DE #24.

## DISCUSSION

Under the circumstances of this case, the Court will deem plaintiff's complaint to be amended to incorporate the factual allegations that are proffered in plaintiff's Motion to Amend and that bear on his contention that the statute of limitations should be tolled on account of his

---

[1] Plaintiff stated that he had not received copies.

mental incapacity.  Although, as a general rule, courts do not consider evidence outside the pleadings in ruling on motions to dismiss, courts have discretion to consider *pro se* submissions that are not inconsistent with the *pro se* litigant's pleading.  See Garcia v. Falk, No. 09-CV-2045(DLI)(LB), 2015 WL 1469294, at *3 n.2 (E.D.N.Y. Mar. 30, 2015) (collecting cases); Barnhill v. Terrell, No. 12-CV-2420 (PKC), 2014 WL 4828801, at *10 n.15 (E.D.N.Y. Sept. 29, 2014).  The exercise of such discretion is consistent with the policy reasons favoring liberal construction of complaints filed by *pro se* plaintiffs.  See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); Garcia, 2015 WL 1469294, at *3 n.2.

In the instant case, the City and State oppose the motion to amend on the ground that the proposed amendment, which is intended to counter defendants' statute of limitations defense, would not cure the remaining defects alleged by defendants in their respective motions to dismiss.  While defendants are correct, plaintiff has not yet formally responded to those motions to dismiss, and this Court is not inclined to predict the outcome of dispositive motions that are pending before the District Court.  The most equitable and efficient way to proceed is to deem the complaint to be supplemented with the facts set forth in plaintiff's Motion to Amend, see Willensky v. Lederman, No. 13-CV-7026 (KMK), 2015 WL 327843, at *6 n.9 (S.D.N.Y. Jan. 23, 2015) (treating as supplements to the *pro se* complaint "any new allegations contained in Plaintiff's Opposition [to defendants' motion to dismiss] pertaining to equitable tolling"), and to reopen the briefing schedule to permit plaintiff to respond to all the legal arguments advanced by defendants, including but not limited to their statute of limitations defense.

For the foregoing reasons, the complaint is deemed amended to incorporate the factual allegations in plaintiff's Motion to Amend; plaintiff is directed to serve his memoranda of law in opposition to defendants' motions to dismiss by July 13, 2015; and defendants' replies shall be served and filed, and the motions fully submitted, by July 27, 2015.

**SO ORDERED.**

**Dated:    Brooklyn, New York
            June 16, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**